```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

BLANCA NORENA-GIRALDO on behalf of
himself and those similarly
situated,

                    Plaintiff,

vs.                               Case No. 2:09-cv-335-FtM-29DNF

INGLESE WORLDWIDE CORPORATION, a
Florida profit corporation, ELITE
ARCHITECTURAL PRECAST, INC., a
Florida profit corporation, PAUL
INGLESE individually, JOSE CASTRO
individually,

                    Defendants.
_____

**OPINION AND ORDER**

      This matter comes before the Court on plaintiff's (1) Verified Motion for Reconsideration of Court's Order Dated July 21, 2010[1] and Response Thereto (Doc. #50) filed August 26, 2010; and plaintiffs' (2) Motion for Entry of Default Final Judgment (Doc. #51), filed on August 27, 2010. The issues in both motions overlap to some extent, and the Court essentially invited reconsideration of its prior Order (Doc. #48) upon submission of case authority. The Court will therefore grant the motion to reconsider its prior Order.

---

    [1]As no Order was issued on July 21, 2010, and the Order referenced in the motion was issued on August 13, 2010, the Court will assume this is a Scrivener's error.

**I.**

Initially, defendants[2] appeared by and through counsel and filed an Answer & Affirmative Defenses (Doc. #19) in this Fair Labor Standards Act (FLSA) case.  On December 15, 2009, counsel for defendants was permitted to withdraw and all defendants were provided additional time to obtain new counsel. (Doc. #36.)  After one extension of time, the Court issued an Order to Show Cause (Doc. #42) directing defendants to show cause for failure to appear, through counsel for the corporations and through counsel or *pro se* as to the individuals.  No responses were filed, and on March 22, 2010, the Court entered an Order (Doc. #44) striking the Answer & Affirmative Defenses (Doc. #19) for failure to appear in the case, and directing the entry of a default.  On March 22, 2010, the Clerk issued an Entry of Default against each defendant, except Paul Inglese individually.  (Docs. #45, 46.)

Plaintiff Blanca Norena-Giraldo and seven opt-in plaintiffs then filed a Motion for Entry of Default Final Judgment (Doc. #47) as to defendant Jose Castro only.  In the August 13, 2010 Order (Doc. #48), the Court granted the motion as to the named plaintiff, but not as to the opt-in plaintiffs.  The Court stated in part: "No factual allegations as to these employees were made in the Complaint, and it is not clear what facts defendant is deemed to

---

[2]On March 22, 2010, the case was stayed as to defendant Paul Inglese based on the Suggestion of Bankruptcy (Doc. #43).

have admitted as to them by virtue of Castro's default. In the absence of any citation of authority by plaintiff, the requests for an entry of a default judgment as to the opt-in plaintiffs will be denied." (Doc. #48, pp. 4-5.)  Plaintiff Norena-Giraldo then filed the motion to reconsider that portion of the Court's August 13, 2010 Order denying default judgment as to the opt-in plaintiffs. Plaintiff and the opt-in plaintiffs also filed a Motion for Entry of Default Final Judgment (Doc. #51) as to the two corporate defendants, along with various exhibits (Doc. #52).

**II.**

Plaintiff suggests that reconsideration of the August 13, 2010 Order is appropriate because "Eleventh Circuit law is clear that an opt-in Plaintiff in an FLSA case has the same status as the named-Plaintiff, once he or she files a Consent to Join the case, [and] the Court erred by denying the branch of Plaintiff's Motion that sought a default judgment on behalf of the opt-in Plaintiffs herein." (Doc. #50, p. 3.)  Plaintiff relies upon Prickett v. Dekalb County, 349 F.3d 1294 (11th Cir. 2003), which states,

> We are bound by the intent of Congress, as expressed in the language of the statute. The statute says, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party...." 29 U.S.C. § 216(b) (emphasis added). That plain language indicates that plaintiffs do not opt-in or consent to join an action as to specific claims, but as to the action as a whole. The statute does not indicate that opt-in plaintiffs have a lesser status than named plaintiffs insofar as additional claims are concerned. To the contrary, by referring to them as "party plaintiff[s]" Congress indicated that opt-in plaintiffs

> should have the same status in relation to the claims of the lawsuit as do the named plaintiffs.

<u>Prickett</u>, 349 F.3d at 1297. In <u>Prickett</u>, the Eleventh Circuit found that opt-in plaintiffs do not have to file renewed consent forms if the Complaint is amended to add claims while the action is pending. It seems clear, therefore, that opt-in plaintiffs "have the same status in relation to the claims . . . as do the named plaintiffs." <u>Id.</u> See also <u>Morgan v. Family Dollar Stores, Inc.</u>, 551 F.3d 1233 (11th Cir. 2008).

The difficulty is not the status of the opt-in plaintiffs as "real" plaintiffs, but the legal principles involving defaults and default judgments for <u>any</u> plaintiff. As the Court stated in the August 13, 2010 Order, "[a] defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." <u>Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.</u>, 561 F.3d 1298, 1307 (11th Cir. 2009)(internal quotations and citations omitted)." (Doc. #48, p. 2.) A default does not itself, however, justify entry of a default judgment.

> There must be a sufficient basis in the pleadings for the judgment entered. [ ] As the Supreme Court stated . . . a default judgment may be lawfully entered only "according to what is proper to be decreed upon the statements of the bill, assumed to be true," and not "as of course according to the prayer of the bill." [ ] The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short, despite occasional statements to the contrary, [ ] a default is not treated as an absolute confession by the

> defendant of his liability and of the plaintiff's right to recover.

Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)[3](internal footnotes and citations omitted).

After a default has been issued, a default judgment may be entered without a hearing if the claim "is for a sum certain or a sum that can be made certain by computation" upon the plaintiff's request with an affidavit showing the amount due. Fed. R. Civ. P. 55(b)(1). In all other situations, a hearing may be required to determine the amount of the damages, with notice given to defaulting parties as appropriate. Fed. R. Civ. P. 55(b)(2). Such a hearing is not required where all the essential evidence is already of record and the amount claimed is a liquidated sum or one capable of mathematical calculation. SEC v. Smyth, 420 F.3d 1225, 1231 n.13 (11th Cir. 2005); Adolph Coors Co. v. Movement against Racism & Klan, 777 F.2d 1538, 1543-44 (11th Cir. 1985). "Thus, if the amount of damages is not certain, only the court may enter default judgment, and it may do so after conducting a hearing to determine the amount of damages." Campbell v. Humphries, 353 F. App'x 334, 337 (11th Cir. 2009)(citing Fed. R. Civ. P. 55(b)(2)(B) Smyth). Nonetheless, a hearing is required in all but "limited

---

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

circumstances," such as when the court already has a wealth of evidence from the party requesting the hearing. Smyth, 420 F.3d at 1231 n.13. As summarized in Tyco Fire & Security, LLC v. Alcocer, 218 F. App'x 860 (11th Cir. 2007):

> The entry of a default against a defendant, unless set aside pursuant to Rule 55(c), severely limits the defendant's ability to defend the action. While "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," a defaulted defendant is deemed to "admit [ ] the plaintiff's well-pleaded allegations of fact." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). [ ] The defendant, however, "is not held to admit facts that are not well-pleaded or to admit conclusions of law." Id. Thus, before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought. At that point, the defendant, even though in default, is still entitled to contest the sufficiency of the complaint and its allegations to support the judgment being sought. See Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005)(citing Nishimatsu, 515 F.2d at 1206)[ ].

Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x at 863 (footnotes omitted). See also Pope v. United States, 323 U.S. 1, 12 (1944) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly.")).

**III.**

The distinction between the named plaintiff and the opt-in plaintiffs in this case lies not in their status but in the factual allegations set forth in the Complaint. The Complaint in this case makes detailed factual allegations as to plaintiff Norena-Giraldo (Doc. #1, ¶¶ 19-23, 26-32) but only generic conclusions as to the opt-in plaintiffs (Doc. #1, ¶¶ 17, 33-34). This, of course, is hardly surprising since presumably counsel did not know the identities of such persons at the time the Complaint was filed. Nonetheless, the Answers to Court's Interrogatories (Doc. #28) filed by plaintiff and opt-in plaintiffs reveals a wide spectrum of job functions performed, a claimed hourly wage rate ranging from $7.50 per hour to $25.00 per hour, and employment outside the time frame set forth in the Complaint as to the named plaintiff. While the factual matters deemed admitted and the affidavit of plaintiff are sufficient to make the determination of damages as to her, a matter which can be readily calculated, the same is not true as to the opt-in plaintiffs. Defendant is entitled to notice and a hearing as to the damages suffered by the opt-in plaintiffs.

As to costs, the Court will continue to allow the $350.00 filing fee previously permitted. (Doc. #48.) The Court will also allow the $354.00, previously denied, based on the revised Matter Cost Ledger reflecting that the cost is for service of process

fees.  The other expenses are beyond the scope of 28 U.S.C. § 1920 and remain denied.

Accordingly, it is now

**ORDERED**:

1. Plaintiffs' Verified Motion for Reconsideration of Court's Order Dated July 21, 2010, Response Thereto (Doc. #50) is **GRANTED** to the extent that the Court has reconsidered the August 13, 2010 Order (Doc. #48).

2. Upon reconsideration, the Order (Doc. #48) and the Default Judgment (Doc. #49) are hereby **vacated**.

3. Plaintiffs' Motion for Entry of Default Final Judgment (Doc. #51) is **GRANTED**.  Default judgment in favor of plaintiff Blanca Norena-Giraldo will be entered against Elite Architectural Precast, Inc., Inglese Worldwide Corporation, and Jose Castro in the amount of $7,800.00 in unpaid overtime wages, plus an equal amount for liquidated damages, for a total of $15,600.00 and costs totaling $704.00, jointly and severally.  The Clerk shall enter the Amended Default Judgment accordingly.

4. A hearing will be held to determine damages as to the opt-in plaintiffs as to Elite Architectural Precast, Inc., Inglese Worldwide Corporation, and Jose Castro on **Monday, April 4, 2011, at 10:00 a.m.**, Courtroom A, Sixth Floor before the undersigned.  A separate Notice of Hearing shall issue.

5. The Clerk of the Court shall provide a copy of this Opinion and Order and the Notice to all defendants at the last known address in the court file.

6. The case otherwise remains stayed as to Paul Inglese.

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of March, 2011.

_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of record
Defendants