UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BLANCA NORENA-GIRALDO on behalf of
himself and those similarly
situated,

        Plaintiff,

vs.                    Case No.  2:09-cv-335-FtM-29DNF

INGLESE WORLDWIDE CORPORATION, a
Florida profit corporation, ELITE
ARCHITECTURAL PRECAST, INC., a
Florida profit corporation, PAUL
INGLESE individually, JOSE CASTRO
individually,

        Defendants.
_____

**OPINION AND ORDER**

This matter came before the Court for an evidentiary hearing on plaintiffs' Motion for Entry of Default Final Judgment (Doc. #47) as to the opt-in plaintiffs.  On March 10, 2011, the Court issued an Opinion and Order (Doc. #54) granting the entry of a default final judgment in favor of plaintiff Blanca Norena-Giraldo and against Inglese Worldwide Corporation (Inglese Corp.), Elite Architectural Precast, Inc. (Elite), and Jose Castro (Castro)[1] for overtime compensation and unpaid wages, and setting a hearing to determine damages as to the remaining plaintiffs because the allegations deemed admitted in the Complaint were insufficient to support a default judgment.  The hearing was noticed and copies of

_____

[1]The case remains stayed as to Paul Inglese due to a pending bankruptcy.

the Notice (Doc. #60) and Opinion and Order were sent to the defaulted defendants at their last known addresses.  At the hearing, the Court heard testimony from Samuel Salgar (Salgar), Jose, Quezada (Quezada), Rolando Morales (Morales), Florencio Luis-Vasquez (Luis-Vasquez), Javier Hernandez (Hernandez), and Fabiana Gonzalez Flores (Gonzalez Flores).  Opt-in plaintiffs submitted affidavits in support of the motion prior to the hearing.  The Court will consider the Affidavits along with the supplemental testimonial evidence.

**Samuel Salgar:**

The Affidavit of Samuel Salgar (Doc. #47-1, p. 7) provides that he was employed as a non-exempt employee between July 2006 until February 2009 (15 weeks).  During his employment, Salgar received his regular rate of $7.50 an hour or $300.00 per week for the 40 hour workweek.  Salgar also regularly worked 40 overtime hours a week without compensation, and seeks overtime pay of $6,750.00, plus liquidated damages, for 15 weeks worth of overtime hours.

At the hearing, Salgar testified that he worked for both Inglese Corp. and Elite, and that Castro was his boss for both companies.  Salgar helped with the trucks, by loading and preparing shipments.  Salgar also engaged in production of columns, decorations, window sills, and door frames using concrete.  Salgar normally worked 6 a.m. to 6 p.m., or later to 8 p.m., including on

Saturdays, approximately 75-80 hours a week, for 15-20 weeks. Based on the calculation provided in the Affidavit and summarized by counsel, Salgar seeks $6,750.00 ($11.25 per hour x 40 hours x 15 weeks) in unliquidated damages, plus liquidated damages, for a total of $13,500.00.

Upon consideration of the evidence, the Court will grant the default judgment as to Count I in favor of Salgar and against Inglese Corp., Elite, and Castro in the amount of $13,500.00 for overtime compensation. No evidence was presented that minimum wages were not paid. Therefore, Count II will be dismissed.

**Rolando Morales:**

The Affidavit of Rolando Morales (Doc. #47-1, p. 13) provides that he was employed as a non-exempt employee between December 2008 until February 2009. During his employment, Morales received $25.00 an hour or $1,000.00 for the 40 hour workweek. Morales was paid straight time for overtime during his first two weeks of employment, but did not receive any pay or overtime pay for the rest of the work during his employment. Based on Morales' calculations, he seeks $24,000.00 in regular pay and overtime pay, plus liquidated damages, over a total of 8 weeks of employment.

At the hearing, Morales testified that he worked for both companies and that Jose Castro was his boss. Morales started in December 2008 and worked through February 2009, as a foreman in charge of recruiting and supervising. Morales testified that he

received $25.00 an hour, worked 7 days a week from 7 a.m. through 11 p.m., and approximately 100-112 hours a week. Morales has no supporting document and worked 8-10 weeks without overtime pay. Counsel averred that Morales is owed half-time for the first two weeks of employment, for which he received straight time for the overtime hours, and time and one-half for the remaining weeks for a total of $18,000.00 ($12.50 per hour x 72 hours x 2 weeks = $1,800 + $37.50 per hour x 72 hours x 6 weeks = $16,200) in unliquidated damages, plus liquidated damages, for a total of $36,000.00.

Morales also seeks unpaid wages in his Affidavit. As there was no testimony to support a claim for unpaid wages, that amount will be denied. The Court will grant the default judgment as to Count I in favor of Morales and against Inglese Corp., Elite, and Castro in the amount of $36,000.00 for overtime compensation. No testimonial evidence was presented that minimum wages were not paid. Therefore, Count II will be dismissed.

**Jose Quezada:**

The Affidavit of Jose Quezada (Doc. #47-1, p. 10) provides that he was employed as a non-exempt employee between January 5, 2009 until March 5, 2009. During his employment, Quezada received his regular rate of $15.00 an hour or $600.00 per week for the 40 hour workweek. Quezada also regularly worked 58 overtime hours a

week without compensation, and seeks overtime pay of $10,440.00, plus liquidated damages, for the 8 week period of overtime work.

At the hearing, Quezada testified that he worked for both companies, which are the same company, and Jose Castro was his boss. Quezada worked from January 6, 2009 through the first or second week of March 2009, around 9-10 weeks. Quezada was in charge of making molds for concrete and other miscellaneous duties. Quezada received $15.00 an hour, worked 7 a.m. to 10 p.m. or midnight, Monday through Sunday, and worked 98-100 hours without ever receiving any overtime compensation. No documentation is available. Quezada seeks overtime compensation for 8 weeks, as stated in the Affidavit, in the amount of $10,440.00 ($22.50 per hour x 58 hours x 8 weeks) in unliquidated damages, plus liquidated damages, for a total of $20,880.00.

Upon consideration of the evidence, the Court will grant the default judgment as to Count I in favor of Quezada and against Inglese Corp., Elite, and Castro in the amount of $20,880.00 for overtime compensation. No evidence was presented that minimum wages were not paid. Therefore, Count II will be dismissed.

**Javier Hernandez:**

The Affidavit of Javier Hernandez (Doc. #47-1, p. 19) provides that Hernandez was a non-exempt employee from December 2008 until April 2009. During his employment, Hernandez received $18.00 an hour or $720.00 for a 40 hour workweek, and nothing from February

2009 through March 2009. Hernandez regularly worked an average of 75 hours a week, or 35 overtime hours, without compensation for the extra hours. Hernandez seeks $41,760.00, plus liquidated damages, for the unpaid wages and unpaid overtime hours worked.

At the hearing, Hernandez testified that he was an employee for both companies, which are the same company, and Jose Castro was one of his bosses. Hernandez was hired for his stone coloring experience. Hernandez worked from December 2008 through June 2009, at $18.00 an hour, from 7 a.m. to midnight or later, approximately 80-90 hours a week. Hernandez did not receive any overtime compensation for the 16 weeks of work. After reviewing his Affidavit, to refresh his recollection, Hernandez conceded that yes he is seeking overtime for only 8 weeks, and he has no documentation in his possession. Based on the Affidavit, Hernandez seeks $7,560.00 ($27.00 per hour x 35 hours x 8 weeks)[2] in unliquidated damages, plus liquidated damages, for a total of $15,120.00.

Hernandez also seeks unpaid wages in his Affidavit. As there was no testimony to support a claim for unpaid wages, that amount will be denied. The Court will grant the default judgment as to Count I in favor of Hernandez and against Inglese Corp., Elite, and Castro in the amount of $15,120.00 for overtime compensation. No

---

[2]Counsel provided that the amount was $41,760.00, however, the amount was calculated for 16 weeks, not 8 weeks, and included unpaid wages.

evidence was presented that minimum wages were not paid.
Therefore, Count II will be dismissed.

**Florencio Luis-Vasquez:**

The Affidavit of Florencio Luis-Vasquez (Doc. #47-1, p. 16)
provides that he was employed as a non-exempt employee between
October 2006 until January 2009.  During his employment, Vasquez
was paid $8.50 an hour or $340.00 for a 40 hour workweek.  Vasquez
regularly worked 60 hours per week, for 117 weeks of uncompensated
overtime, and seeks $29,835.00, plus liquidated damages, for the
overtime hours worked.

After a brief recess, Luis-Vasquez testified that he worked
for both companies, which are the same company, and the owners.
Castro was his supervisor.  Luis-Vasquez worked from October 2006
until January 2009, and cast concrete in different sizes and
colors.  Luis-Vasquez was paid $8.50 an hour, started at 7 a.m.,
and worked 6 days a week, sometimes 7 days a week.  There was no
end time to the day and he worked more than 60 hours a week.  Luis-
Vasquez was not paid overtime compensation, but was paid for all
hours as regular hours.  Therefore, Luis-Vasquez seeks half-time in
the amount of $9,945.00 ($4.25 per hour x 20 hours x 117 weeks) in
unliquidated damages, plus liquidated damages, for a total of
$19,890.00.

As the testimony provided that Luis-Vasquez received
compensation or all hours worked at the regular rate, and no

evidence was provided to show that minimum wages were not paid, Count II will be dismissed.  The Court will grant the default judgment in favor of Luis-Vasquez and against Inglese Corp., Elite, and Castro in the amount of $19,890.00 for overtime compensation sought in Count I.  No evidence was presented that minimum wages were not paid.  Therefore, Count II will be dismissed.

**Fabiana Gonzalez Flores:**

The Affidavit of Fabiana Gonzalez Flores (Doc. #47-1, p. 22) provides that she was a non-exempt employee between July 2005 and April 2006, and again from December 2006 to January 2009.  Flores was paid $8.00 an hour or $320.00 for a 40 hour workweek.  Flores regularly worked overtime while employed but was not paid for those hours.  Flores seeks $28.236.00, plus liquidated damages, for the overtime hours worked.

At the hearing, Gonzalez Flores testified that she used to work for all the defendants for almost 4 years.  Gonzalez Flores worked from July 2005 through April 5, 2006, and then returned from December 2006 to January 2009.  Gonzalez Flores would sometimes clean and sometimes work in the form department casting stone from concrete.  Gonzalez Flores testified that she started at 6 a.m. the first time she worked for defendants, and at 7 a.m. the second time she worked, with no quitting time.  Gonzalez Flores sometimes worked 55-65 hours per week, and up to 80 hours with weekends the second time around.  Gonzalez Flores would not receive pay for

weeks sometimes, and the debt would accrue and then defendants would pay.  After clarification, it was determined that Gonzalez Flores was paid regular pay for all 60 hours worked in a week, and counsel conceded that $4.00 an hour for half-time only would apply. Due to the statute of limitations, the applicable workweeks had a cut-off date of May 2009.  Therefore, starting from December 2006 through September 2007, when she worked 11 overtime hours, and for October 2007 through January 2009, when she worked 23 hours of overtime, Gonzales Flores seeks $1,892.00 ($4 per hour x 11 hours x 43 weeks) and $5,980.00 ($4 per hour x 23 hours x 65 weeks) in unliquidated damages totaling $7,872.00, plus liquidated damages, for a total of $15,744.00.

As it was with Luis-Vasquez, Gonzalez Flores testified that she received compensation or all hours worked at the regular rate, and no evidence was provided to show that minimum wages were not paid.  Count II will be dismissed.  The Court will grant the default judgment in favor of Gonzalez Flores and against Inglese Corp., Elite, and Castro in the amount of $15,744.00 for overtime compensation sought in Count I.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.  Plaintiffs' Motion for Entry of Default Final Judgment (Doc. #47) is further **GRANTED** as provided below.

2.   Finding no just cause for delay, the Clerk shall enter judgment as follows:

A.   In favor of all opt-in plaintiffs and against defendants Inglese Worldwide Corporation (Inglese Corp.), Elite Architectural Precast, Inc. (Elite), and Jose Castro (Castro) as to Count I and awarding:

i. Awarding Samuel Salgar $6,750.00 in unpaid overtime wages, plus an equal amount for liquidated damages, for a total of $13,500.00;

ii.  Awarding Jose Quezada $10,440.00 in unpaid overtime wages, plus an equal amount for liquidated damages, for a total of $20,880.00;

iii.  Awarding Rolando Morales $18,000.00 in unpaid overtime wages, plus an equal amount for liquidated damages, for a total of $36,000.00;

iv.  Awarding Florencio Luis-Vazquez $9,945.00 in unpaid overtime wages, plus an equal amount for liquidated damages, for a total of $19,890.00;

v.  Awarding Javier Hernandez $7,560.00 in unpaid overtime wages, plus an equal amount for liquidated damages, for a total of $15,120.00; and

vi.  Awarding Fabiana Gonzalez Flores $7,872.00 in unpaid overtime wages, plus an equal amount for liquidated damages, for a total of $15,744.00.

B.   Dismissing Count II with prejudice as to all remaining opt-plaintiffs.

3.   The case remains stayed as to defendant Paul Inglese, unless voluntarily dismissed by plaintiffs.   The Clerk shall terminate all deadlines and administratively close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of May, 2011.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record